09-1412-ag
Bah v. Holder

BIA
Reichenberg, IJ
A095 150 234

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand ten.

PRESENT:
            PIERRE N. LEVAL,
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
                      *Circuit Judges*.
_____

ALPHA B. BAH,
        *Petitioner*,

            v.                                    09-1412-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

**FOR PETITIONER:** Matthew J. Harris, Brooklyn, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Alpha B. Bah, a native and citizen of Sierra Leone, seeks review of a March 9, 2009, order of the BIA affirming the May 22, 2007, decision of Immigration Judge ("IJ") Margaret R. Reichenberg, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alpha B. Bah*, No. A095 150 234 (B.I.A. Mar. 9, 2009), *aff'g* No. A095 150 234 (Immig. Ct. N.Y. City May 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.

2007).  We review *de novo* questions of law and the application of law to undisputed fact.  *See, e.g.*, *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

 Bah does not challenge the agency's pretermission of his asylum application because, as he correctly notes, this Court lacks jurisdiction to review the agency's determination as to the timeliness of an asylum application.  *See* 8 U.S.C. § 1158(a)(3).  Thus, we consider only Bah's challenge to the agency's denial of his applications for withholding of removal and CAT relief.  The agency denied those applications based on an adverse credibility determination arising from the fact that, as Bah admitted, he initially presented false testimony, fraudulent evidence, and allowed a witness to give untruthful testimony on his behalf.  Although Bah later recanted that false testimony and purported to tell the truth to the IJ, she found herself unable to overlook Bah's initial perjury, finding that it tainted the balance of his claim.  Bah argues that because he recanted his initial false claim, the agency erred in declining to credit his new claim.  We are not persuaded.

 Although applicants should be encouraged to recant false testimony and disavow fraudulent evidence, it does not

follow that the agency must credit the testimony and evidence the applicant then presents. Here, the IJ properly applied the maxim *falsus in uno, falsus in omnibus*, in declining to believe that Bah's new claim was truthful. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). The adverse credibility determination was fatal to Bah's withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4